UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DVP, LP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DARNELL CHAMP,<br><br>　　　　Defendant. | Case No.  1:14-cv-01476---MJS<br><br>**ORDER OF REMAND** |

On September 22, 2014, Defendant Darnell Champ filed a Notice of Removal with this Court, seeking to remove an action from the Tulare County Superior Court. (ECF No. 1.)

Pursuant to Title 28 of the United States Code section 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. 28 U.S.C. § 1441(a); Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

1    Generally, a defendant seeking to remove an action to federal court must file a
2 notice of removal within thirty days of receiving a copy of the initial pleading. 28 U.S.C.
3 § 1446(b). The defendant seeking removal of an action to federal court has the burden
4 of establishing federal jurisdiction in the case. California ex rel. Lockyer v. Dynegy, Inc.,
5 375 F.3d 831, 838 (9th Cir. 2004).

6    Defendant is attempting to remove an unlawful retainer action based on federal
7 question subject matter jurisdiction. (ECF No. 1 at 2.) However, Defendant cannot
8 establish jurisdiction that is proper. Federal courts are courts of limited jurisdiction and
9 lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only
10 those cases authorized by the United States Constitution and Congress. Generally,
11 those cases involve diversity of citizenship or a federal question, or cases in which the
12 United States is a party. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375 (1994);
13 Finley v. United States, 490 U.S. 545 (1989). Federal courts are presumptively without
14 jurisdiction over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject matter
15 jurisdiction is never waived and may be raised by the Court sua sponte. Attorneys Trust
16 v. Videotape Computer Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to
17 be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power
18 rests upon. Without jurisdiction it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th
19 Cir. 1988).

20   Furthermore, the law is clear in the Ninth Circuit that the removal statute should
21 be strictly construed in favor of remand and against removal. Harris v. Bankers Life and
22 Cas. Co., 425 F.3d 689, 698 (9th Cir. 2005). The "strong presumption" against removal
23 jurisdiction means that the defendant always has the burden of establishing that
24 removal is proper. Nishimoto v. Federman–Bachrach & Assocs., 903 F.2d 709, 712 n.3
25 (9th Cir. 1990); Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).
26 Federal jurisdiction must be rejected if there is any doubt as to the right of removal in
27 the first instance. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

28   In this case, Defendant is unable to establish subject matter jurisdiction before

this Court because the complaint filed in the state court apparently contains a single cause of action for unlawful detainer based on California Code of Civil Procedure section 1161a. Unlawful detainer actions are strictly within the province of state court. Defendant's attempt at creating federal subject matter jurisdiction by adding claims or defenses to a notice of removal will not succeed. Vaden v. Discover Bank, 556 U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint.") In other words, Defendant's reference to "a notice which expressly references and incorporates the 'Protecting Tenants at Foreclosure Act of 2009'" (Doc. 1 at 2) is an attempt to add a claim or raise a defense and does not confer jurisdiction on the Court.

Further, no reference to the "Protecting Tenants at Foreclosure Act of 2009" appears in Plaintiff's complaint. In determining the presence or absence of federal jurisdiction in removal cases, the "well-pleaded complaint rule," applies "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, "it is well established that plaintiff is the 'master of her complaint' and can plead to avoid federal jurisdiction." Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 998-99 (9th Cir.2007); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109 (1936)) ("It is long settled law that a cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law"). Plaintiff's complaint raises a single state law claim. The face of a properly-pled state law unlawful detainer action does not present a federal question. Therefore, Plaintiff's complaint avoids federal jurisdiction.

Based on the above, the action is REMANDED *sua sponte* to the Tulare County Superior Court of California for all future proceedings. The Clerk of Court is directed to

remand the matter to the Tulare County Superior Court and to close this case and all pending motions.

IT IS SO ORDERED.

Dated:   October 31, 2014            /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

4